UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICKEY LYNN KENNEDY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3694 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER**

Petitioner Mickey Lynn Kennedy is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). He filed a petition for a writ of habeas corpus.

Kennedy was convicted of boating while intoxicated in the 118th Judicial Court of Mitchell County, Texas, and received a sentence of 10 years imprisonment. He had a prior conviction for driving while intoxicated, for which he also received a 10 year sentence. Kennedy's petition contends that he was denied due process by the forfeiture of 100 days of accrued good time credit and the imposition of other penalties for a major disciplinary violation. He does not challenge his convictions or sentences.

I.  Background

Kennedy's petition concerns forfeiture of accumulated time credits, reduction of class, and imposition of recreation, commissary, visit, and cell restrictions. He does not challenge his conviction or sentence. Therefore, a detailed discussion of the facts of his crime and trial is not necessary.

At all times relevant to this petition, Kennedy was incarcerated in the TDCJ's Ellis Unit in Huntsville, Texas. On June 13, 2013, Kennedy had a verbal exchange with another inmate. Kennedy contends that the other inmate was a friend of his and that they were joking with each

other.  A witness, Corrections Officer Taylor, contended that Kennedy threatened the other inmate, and then threatened Taylor after Taylor asked Kennedy for his identification.

On June 17, 2013, Kennedy was notified that he was being charged with two prison disciplinary offenses, threatening to inflict harm to another offender, and threatening to inflict harm to an officer.  DHR at 2.[1]  On June 20, 2013, Kennedy, appearing with counsel substitute, pleaded not guilty.  *Id.* at 2-11.  Following a hearing, Kennedy was found guilty of both charges.  *Id.*  Punishment was affixed at loss of 45 days recreation privileges, loss of 45 commissary days, visit suspension through July 28, 2013, 45 days of cell restriction, reduction in class from S2 to L1, and loss of 100 days good time credit.  *Id.* at 11.

Kennedy filed a Step 1 grievance claiming that he was joking with the other offender and denying that he said what the officer claimed he said.  DGR at 4-5.[2]  Following an investigation, the grievance was denied.  *Id.* at 5.

Kennedy filed a Step 2 grievance challenging the hearing procedure, the sufficiency of the evidence, and the failure to interview the other offender and failure to identify that offender.  *Id.* at 2-3.  That grievance was denied on October 3, 2013.

On December 1, 2013, Kennedy filed this federal petition for a writ of habeas corpus.  He filed an amended petition on February 18, 2014.  On April 24, 2014, respondent moved for summary judgment.  Petitioner did not respond to that motion.

---

[1]     "DHR" refers to the disciplinary hearing record (Dkt. No. 15-1).

[2]     "DGR" refers to the disciplinary grievance record (Dkt. No. 15-2).

II.   Analysis

   A.   Exhaustion

A petitioner challenging the results of a prison disciplinary hearing is required to exhaust available administrative remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance . . . is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004).

In his Step 1 grievance, Kennedy challenged only the sufficiency of the evidence, contending merely that he did not threaten the other inmate or say what the officer accused him of saying. *See* DGR at 4-5. The Step 2 grievance, while purporting to challenge "the procedural aspects" of the hearing, again complained only that the evidence was insufficient. *Id.* at 2. Because Kennedy did not properly exhaust any of his claims other than his claim that the evidence was insufficient, this Court cannot grant relief on these claims.

   B.   Sufficiency of the Evidence

Kennedy argues that the evidence was insufficient because the officer failed to identify any other offender allegedly threatened by Kennedy. He also contends that the evidence was insufficient to show that he threatened the officer.

The quantum of evidence required to uphold a prison disciplinary finding is less than that required in a criminal prosecution. The Fifth Circuit has held that "anonymous and merely generalized accusations [can] form the sole basis for disciplinary action against a prison inmate." *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981). As long as the disciplinary finding is supported by "some evidence," a federal habeas court will not disturb the result. *See*

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced."). *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.")

In this case, a corrections officer testified that she heard Kennedy make threats to other inmates and to the officer. While Kennedy disagrees with her testimony, this testimony is "some evidence" supporting the finding of guilt. Therefore, the hearing and result comport with the requirements of due process.

III. Conclusion

For the foregoing reasons, Kennedy's petition and amended petition are denied and are dismissed with prejudice.

IV. Certificate of Appealability

Kennedy has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review

COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered each of Kennedy's claims and concludes that each of the claims is foreclosed by clear, binding precedent. The court concludes that under such precedents Kennedy has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and that jurists of reason would not find this Court's procedural

rulings debatable. This Court concludes that Kennedy is not entitled to a certificate of appealability.

V.  Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent William Stephens' motion for summary judgment (Dkt. No. 14) is GRANTED;

2. Petitioner Mickey Lynn Kennedy's Petition for Writ of Habeas Corpus (Dkt. No. 1) and Amended Petition for Writ of Habeas Corpus (Dkt. No. 10) are in all respects DENIED; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 22nd day of December, 2014.

_____
Kenneth M. Hoyt
United States District Judge